UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF
JAMES ROBERT CHAMBERS,

                              CASE NO. 03-CV-73342-DT
        Plaintiff,       JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

MACOMB COUNTY, et al.,

        Defendants,

_____/

**OPINION AND ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ALL PHOTOGRAPH
NEGATIVES AND COLOR GLOSSY PHOTOGRAPHS (Doc. Ent. 56)**

**I.    OPINION**

**A.    The Amended Complaint**

On June 30, 2005, plaintiff filed an amended complaint against defendants Macomb County, Hackel, Furton, Dumas, Johnson, Correctional Medical Services, and Howard. (Doc. Ent. 47). Plaintiff alleges (I) violation of the Eighth Amendment, 42 U.S.C. § 1983 excessive force; (II) violation of the Eighth Amendment, 42 U.S.C. § 1983 Macomb County and Mark Hackel; (III) wrongful death act, M.C.L. § 600.2922 gross negligence; and (IV) wrongful death act, M.C.L. § 600.2922 assault and battery.

**B.    The Instant Motion to Compel**

On September 21, 2005, plaintiff filed a motion to compel production of all photograph negatives and color glossy photographs. (Doc. Ent. 56). On September 23, 2005, Judge Tarnow

referred this motion to me. The hearing on this motion was set for October 21, 2005. (Doc. Ent. 57).

Defendants Macomb County, Hackel, Furton, Dumas and Johnson filed a response to the motion on October 18, 2005. (Doc. Ent. 60). On October 20, 2005, plaintiff filed a reply. (Doc. Ent. 62).

On the date scheduled for hearing, I spoke with counsel for both sides off of the record. We agreed to adjourn the hearing until October 28, 2005. On that date, I conducted a telephone hearing with plaintiff's counsel, Shawn Christopher Cabot, and defense counsel, Claire R. Mason Lee.

**C.    Conclusion**

During the telephone conference, plaintiff's counsel raised some concerns regarding the number of photographs he received on July 6, 2005 (sixty-six (66)) compared to the photos he received on October 21, 2005 (missing pictures and picture(s) he did not receive in July). Plaintiff seeks an order to produce each negative and photograph that exists.

Defendants' objection to doing so is based upon maintenance of chain of custody for the subject evidence. During the October 28, 2005 telephone hearing, Ms. Lee explained that, in total, there are sixty-seven (67) pictures/negatives and eight (8) polaroids. She explained the discrepancy as follows: one (1) additional picture was included on October 21, 2005 and there were eight (8) polaroids plaintiff did not get in July.

Upon consideration of the oral arguments, the parties shall agree on a date and time to go to the Sheriff's Department and look at the negatives. If it becomes necessary for more prints to be made or for the negatives to be taken to a photo lab for printing, the details of such

arrangements (i.e., who will incur costs for the prints or whether an evidence technician shall accompany the negatives to the photo lab) shall be agreed upon by the parties and presented to the Court in a stipulated order.

## II.  ORDER

Consistent with the foregoing opinion, plaintiff's September 21, 2005 motion to compel production of all photograph negatives and color glossy photographs (Doc. Ent. 56) is GRANTED IN PART.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives  
PAUL J. KOMIVES  
Dated: 11/3/05                     UNITED STATES MAGISTRATE JUDGE

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on November 3, 2005.

s/Eddrey Butts  
Case Manager